IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LON M. FLUMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 13-1415-GMS-MPT |
| REGAL CONTRACTORS, LLC,<br>REGAL BUILDERS, LLC, and<br>NOBLE POND HOMES | : |
| Defendants. | : |

## CONSENT DECREE

This matter came before this Court for entry of judgment by consent of the Plaintiff Lon M. Fluman, IV ("Fluman"), and the Defendants Regal Contractors, LLC. Regal Builders, LLC and Noble Pond Homes ("Regal") to effectuate a compromise and settlement of all claims in the above-captioned case.

Fluman commenced this action in the United States District Court for the District of Delaware, alleging that Regal violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* (hereinafter "USERRA") by firing Fluman following the his military deployment with the United States Air Force Reserves.

Regal denies that it has violated USERRA, and its agreement to the terms of this Consent Decree is not an admission of liability under that statute. Nevertheless, as a result of settlement discussions, the Parties have resolved their dispute and have agreed that this action should be resolved by entry of this Consent Decree, the practical result of which is to effectuate a settlement agreement which addresses the interests of the Parties in this matter. It is the intent of

the Parties that this Consent Decree be a final and binding settlement, in full disposition of any and all claims alleged in the Complaint filed in this action.

## STIPULATIONS

1. The Parties acknowledge the jurisdiction of the United States District Court for the District of Delaware over the subject matter of this action and over the Parties to this action, for the purpose of entering and, if necessary, enforcing this Consent Decree.

2. Venue is proper in this judicial district for purposes of entering this Consent Decree and any proceedings related to this Consent Decree. The Parties agree that all conditions precedent to the institution of this action and its settlement have been fulfilled.

## FINDINGS

3. Having considered the provisions of this Consent Decree as suggested by the Parties, the Court finds as follows:

   a. The Court has jurisdiction over the subject matter of this action and the Parties to this action.

   b. The terms and provisions of the settlement reflected in this Consent Decree are lawful, fair, reasonable and just. The rights of the Parties are adequately protected by this settlement.

   c. This Consent Decree and the settlement it effectuates, conform with and to the Federal Rules of Civil Procedure and USERRA, and are not in derogation of the rights and privileges of any person. The entry of the Consent Decree will further the objectives of USERRA and will be in the best interest of the Parties.

2

NOW, THEREFORE, IT IS HEREBY ADJUGED, ORDERED AND DECREED that

### NON-ADMISSION

4. This Consent Decree is being entered with the consent of the Parties, and shall not constitute an adjudication or finding on the merits of the action or be construed as an admission by Regal of any violations of USERRA.

### NON-RETALIATION

5. Regal shall not take any action against any person, including but not limited to Fluman, that constitutes retaliation or interference with the exercise of such person's rights under USERRA because such person gave testimony, provided assistance or participated in any manner in any investigation or proceeding in connection with this action.

### REMEDIAL RELIEF

6. Within ten (10) business days from the date of entry of this Consent Decree, Regal shall pay Fluman a total sum of EIGHTEEN THOUSAND AND NO/100($18,000.00), less applicable withholdings and deductions, as follows:

  a. The check[s] will be made payable to Lon M. Fluman, IV.

  b. Of the settlement amount, ten thousand dollars ($10,000.00) shall be attributable to back pay (less the required employee withholdings and contributions on the back pay award as required by law), with the balance being attributable to other damages. Regal also shall separately pay the appropriate employer's contribution to the Social Security fund due on the back pay award and the employer's contribution shall not be deducted from the overall settlement amount.

    c. Regal shall mail the payment[s] to Fluman by overnight delivery service, to the following address:

> Lon M. Fluman, IV
> 3784 Andrews Lake Rd.
> Frederica, DE 19946

## TAXES AND HOLD HARMLESS AGREEMENT

7. Fluman agrees that he is solely and entirely responsible for the payment of employee-related taxes, if any, which may be found to be due on any amount(s) paid to him under paragraph 6 of this Consent Decree and further agrees to hold Regal harmless against any such liability including paying Regal for any necessary resultant attorney's fees. Regal agrees that it is solely and entirely responsible for the payment of employer-related taxes, which may be found to be due on any amount(s) paid to Fluman under paragraph 6 of his Consent Decree.

## RELEASE OF CLAIMS

8. Fluman hereby discharges and releases Regal and its officers, officials, representatives, agents, employees, attorneys, liability coverage providers, predecessors, successors, affiliates, and assigns from all claims arising out of or related to his employment with Regal or his termination therefrom including all claims under USERRA that could have arisen under Fluman's complaint.

## RETENTION OF JURISDICTION, DISPUTE RESOLUTION AND COMPLIANCE

9. The Court shall retain jurisdiction over this action and shall have all available equitable powers, including injunctive relief, to enforce the terms of this Consent Decree.

10. The Parties shall engage in good faith efforts to resolve any dispute concerning compliance with this Consent Decree prior to seeking resolution from the Court. In the event of a dispute, the Parties shall give notice to each other fifteen (15) days before seeking resolution of the dispute by the Court.

11. In the event either of the Parties seeks Court resolution to enforce the terms of this Consent Decree, the Parties agree that expedited discovery under the Federal Rules of Civil Procedure may be conducted to determine compliance with this Consent Decree.

## MISCELLANEOUS

12. The Parties shall bear their own costs and expenses in this action, including attorney fees.

13. The terms of this Consent Decree are and shall be binding upon the heirs, successors, and assigns of Fluman and upon the present and future owners, officers, directors, employees, agents, representatives, successors, and assigns of Regal.

14. This Consent Decree and its Release of Claims constitute the entire agreement and all commitments of the Parties. Any modifications to this Consent Decree must be mutually agreed upon and memorialized in writing signed by Fluman and Regal and entered by this Court.

15. The effective date of this Consent Decree shall be the date upon which it is entered by the Court. The Consent Decree shall expire, and this action shall be dismissed without further Decree of the Court when all of the remedial provisions of this Consent Decree have been effectuated. At that time, this Consent Decree will constitute the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all USERRA claims which Fluman has asserted or that could have been asserted by Fluman in this action.

APPROVED and ORDERED this 6th day of No~, 2014.

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

Agreed and Consented to by and on behalf of Plaintiff:

_____          21 OCT 14
LON M. FLUMAN, IV                Date
Plaintiff

                                 CHARLES M. OBERLEY, III
DELORA L. KENNEBREW              United States Attorney
Chief
                                 By:
By:
                                 _____
_____          PATRICIA C. HANNIGAN
DELORA L. KENNEBREW              Assistant United States Attorney
United States Department of Justice   Delaware Bar I.D.#2145
Civil Rights Division            United States Attorney's Office
Employment Litigation Section    District of Delaware
950 Pennsylvania Avenue, NW      1007 Orange St., Ste. 700
Patrick Henry Building           P.O Box 2046
Washington, DC 20530             Telephone: (302) 573-6277
Telephone: (202)616-1578         Email: Patricia.Hannigan@usdoj.gov
Facsimile: (202) 514-1005
Email: delora.kennebrew@usdoj.gov
                                 _____
                                 Date
_____
Date

ATTORNEYS FOR PLAINTIFF LON M. FLUMAN, IV

6A

Agreed and Consented to by and on behalf of Plaintiff:

_____              _____
LON M. FLUMAN, IV                        Date
Plaintiff
                                         CHARLES M. OBERLEY, III
DELORA L. KENNEBREW                      United States Attorney
Chief

By: *[signature]*                        By: *[signature]*
_____              _____
DELORA L. KENNEBREW                      PATRICIA C. HANNIGAN
United States Department of Justice      Assistant United States Attorney
Civil Rights Division                    Delaware Bar I.D. #2145
Employment Litigation Section            United States Attorney's Office
950 Pennsylvania Avenue, NW              District of Delaware
Patrick Henry Building                   1007 Orange St., Ste. 700
Washington, DC 20530                     P.O Box 2046
Telephone: (202)616-1578                 Telephone: (302) 573-6277
Facsimile: (202) 514-1005                Email: Patricia.Hannigan@usdoj.gov
Email: delora.kennebrew@usdoj.gov

                                         _____
  10/9/2014                              Date
_____
Date

ATTORNEYS FOR PLAINTIFF LON M. FLUMAN, IV

Agreed and Consented to by and on behalf of Defendants:

FOR DEFENDANTS REGAL CONTRACTORS, LLC,
REGAL BUILDERS, LLC, and NOBLE POND HOMES

_____*Mary Field*_____    _9/29/14_
                          Date

_____*Michael P. Morton*_____    _10/1/2014_
MICHAEL P. MORTON, ESQ.          Date
Delaware Bar I.D.#2492
1203 North Orange Street
Wilmington, DE 19801

7